**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TAWANA VENTUS,<br>    Plaintiff, | Case No. 1:13-cv-777 |
| vs. | Dlott, J.<br>Bowman, M.J. |
| OMG, LLC,<br>    Defendant. | |

**REPORT AND RECOMMENDATION**

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

Here, upon initial review of Plaintiff's motion for *in forma pauperis* and attached

proposed complaint, Plaintiff's IFP motion was granted and her complaint against Defendant OMG, LLC for alleged violations of Title VII was filed with the Court on November 12, 2013. (Doc. 3). Notably, the caption of the complaint, listed only Defendant OMG, LLC. However, the body of the complaint list three additional defendants, Mark Hale, Faye Carter and Lisa Herget. These defendants were later added by Clerk's Office personnel during the quality control review. However, these Defendants have not been served with the Complaint. Additionally, due to an administrative error, the deadline for the parties Rule 26(f) report has not been set by the Court.

Furthermore, to the extent that Plaintiff is attempting to bring Title VII against the individual Defendants, the claims against those Defendants should be dismissed, pursuant to Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon with relief can be granted. *See Wathen v. General Electric Co.,* 115, F.3d 400, 404 n. 6, 405 (6th Cir.1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio,* 210 F.3d 372, (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination").

Accordingly, the undersigned finds that the individual Defendants cannot be held liable under Title VII, therefore, the claims against them are properly dismissed. **IT IS RECOMMENDED** that Defendants Mark Hale, Faye Carter and Lisa Herget be

**DISMISSED** from this action.

                                                               *s/ Stephanie K. Bowman*
                                                            Stephanie K. Bowman
                                                            United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TAWANA VENTUS,  			Case No. 1:13-cv-777
    Plaintiff,

                                       Dlott, J.
vs.  			                Bowman, M.J.

OMG, LLC,
    Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).